BAMATTRE-MANOUKIAN, Acting P. J.,
Concurring. — I concur in the result reached in the majority opinion that the trial court abused its discretion in failing to rule on petitioner Susan Mooney’s motion for a settled statement *538 and in awarding attorney’s fees to real party in interest Paul A. Mooney. I also agree with the majority opinion that Paul is not entitled to sanctions and that an award of attorney’s fees from this court is not appropriate. I write separately to express my view of the trial court’s actions in this case.
From my review of the record, it appears that the trial court was trying to fairly and expeditiously resolve Susan Mooney’s motion for a settled statement. The court stated that it had “retained [its] personal notes from the trial” and was “prepared to add to, supplement, adjust, or edit the proposed statement” upon receiving it. However, it appears that the court also believed that Paul’s attorney would have to do a lot of work with respect to the settled statement because no court reporter was present at the trial, Susan was not represented at trial, and her current attorney would therefore be unfamiliar with the trial proceedings. Further, the court observed that Susan had a history of failing to cooperate and of not following court orders, and that Susan could afford to pay Paul’s attorney’s fees. Under the circumstances, I do not believe the court was intentionally trying to divert the proceedings away from a ruling on Susan’s motion for a settled statement or trying to delay a ruling on the motion, or that the court was intentionally not following the law regarding a motion for a settled statement or for attorney’s fees. Rather, I believe the court was trying to follow the law and trying to do what it believed was fair for both parties in order to produce a settled statement. As the court will be conducting a new hearing on Susan’s motion for a settled statement, the court will have the opportunity to reconsider the motion in accordance with the procedures set forth in California Rules of Court, rule 8.137.
On March 4, 2016, the opinion was modified to read as printed above.